**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **BRANDON J. REUSCH** | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil Action** |
| **V.** | ) | |
| | ) | **No. _____** |
| **CARKEZ FISHERIES, INC.** | ) | |
| **Defendant** | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1.      The Plaintiff, Brandon J. Reusch, is a resident of New Bedford, Bristol County, Commonwealth of Massachusetts.

2.      The Defendant, Carkez Fisheries, Inc., is a corporation, duly organized and existing under the laws of the Commonwealth of Massachusetts.

3.      On or about JANUARY 23, 2020, the Defendant, Carkez Fisheries, Inc., was doing business within the Commonwealth of Massachusetts.

4.      On or about January 23, 2020, the Plaintiff, Brandon J. Reusch, was employed by the Defendant, Carkez Fisheries, Inc.

5.      On or about January 23, 2020, the Plaintiff, Brandon J. Reusch, was employed by the Defendant, Carkez Fisheries, Inc., as a seaman, and a member of the crew of the F/V WILLIAM LEE.

6.      On or about January 23, 2020, the Defendant, Carkez Fisheries, Inc., owned the F/V WILLIAM LEE.

7.      The Defendant, Carkez Fisheries, Inc., chartered the F/V WILLIAM LEE from some other person or entity such that on or about January 23, 2020 the Defendant, Carkez Fisheries, Inc. was the owner pro hac vice of the F/V WILLIAM LEE.

8.      On or about January 23, 2020, the Defendant, Carkez Fisheries, Inc., operated the F/V WILLIAM LEE.

9.      On or about January 23, 2020, the Defendant, Carkez Fisheries, Inc., or the Defendant's agents, servants, and/or employees, controlled the F/V WILLIAM LEE.

10.      On or about January 23, 2020, the F/V WILLIAM LEE was in navigable waters.

11.      On or about January 23, 2020, while in the in the performance of his duties in the service of the F/V WILLIAM LEE, the Plaintiff, Brandon J. Reusch, fell on the deck and sustained personal injuries, including an injury to his right shoulder.

12.      Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Brandon J. Reusch, was exercising due care.

## Jurisdiction

13.  This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 , et. seq. (formerly §688 et. seq.).

14.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

2

## COUNT I

### Brandon J. Reusch v. Carkez Fisheries, Inc.

#### (JONES ACT NEGLIGENCE)

15.     The Plaintiff, Brandon J. Reusch, reiterates the allegations set forth in paragraphs 1 through 14 above.

16.     The personal injuries sustained by the Plaintiff, Brandon J. Reusch, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17.     As a result of said injuries, the Plaintiff, Brandon J. Reusch, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Brandon J. Reusch, demands judgment against the Defendant, Carkez Fisheries, Inc., in an amount to be determined by a jury together with interest and costs.

## COUNT II

### Brandon J. Reusch v. Carkez Fisheries, Inc.

#### (GENERAL MARITIME LAW  -  UNSEAWORTHINESS)

19.     The Plaintiff, Brandon J. Reusch, reiterates the allegations set forth in paragraphs 1 through 14 above.

20.     The personal injuries sustained by the Plaintiff, Brandon J. Reusch, were due to

no fault of his, but were caused by the Unseaworthiness of the F/V WILLIAM LEE.

21.     As a result of said injuries, the Plaintiff, Brandon J. Reusch has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Brandon J. Reusch, demands judgment against the Defendant, Carkez Fisheries, Inc., in an amount to be determined by a jury together with interest and costs.

## COUNT III

### Brandon J. Reusch v. Carkez Fisheries, Inc.

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23.     The Plaintiff, Brandon J. Reusch, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24.     As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Brandon J. Reusch, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Brandon J. Reusch, demands judgment against the Defendant, Carkez Fisheries, Inc., in the amount of $100,000 for maintenance and cure, together with costs and interest.

## COUNT IV

### Brandon J. Reusch vs. Carkez Fisheries, Inc.

**(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT
FAILURE TO PROVIDE MAINTENANCE and CURE)**

25.     The Plaintiff, Brandon J. Reusch, reiterates the allegations set forth in paragraphs 1 through 14 above.

26.     As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Brandon J. Reusch, has incurred and will continue to incur expenses for his maintenance and cure.

27.     On or about February 5, 2020, the Plaintiff, Brandon J. Reusch, made demand upon the Defendant, Carkez Fisheries, Inc., for the provision of maintenance and cure.

28.     The Defendant, Carkez Fisheries, Inc., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

29.     As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

    WHEREFORE, the Plaintiff, Brandon J. Reusch, demands judgment against the Defendant, Carkez Fisheries, Inc., in an amount to be determined by a jury as compensatory damages and punitive damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**RAISED IN COUNTS, I, II, III AND IV.**


Respectfully submitted for the
the Plaintiff, Brandon J. Reusch,
by his attorney,


/s/ David F. Anderson
David F. Anderson (Ma B.B.O. # 560994)
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
DAnderson@LattiAnderson.com

Dated: March 9, 2020

6